# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FROILAN BARNACHERA BALAOING, et al., <br><br> Plaintiffs, <br><br> v. <br><br> NISSAN NORTH AMERICA, INC., <br><br> Defendant. | Case No. 1:23-cv-00575-ADA-SAB <br><br> FINDINGS AND RECOMMENDATIONS RECOMMENDING DENYING PLAINTIFFS' MOTION TO REMAND <br><br> (ECF Nos. 4, 6, 7, 9) <br><br> **OBJECTIONS DUE WITHIN FOURTEEN DAYS** |

Plaintiffs Froilan Barnachera Balaoing and Diamantina Brittany Balaoing ("Plaintiffs"), who are represented by counsel, bring this action against Defendant Nissan North America, Inc. ("Defendant"). Currently before the Court is Plaintiffs' motion to remand filed May 12, 2023. (ECF No. 4.) On May 15, 2023, the matter was referred to this Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c)(7). (ECF No. 5.) Having considered the moving, opposition and reply papers, the declarations and exhibits attached thereto, as well as the Court's file, the Court issues the following findings and recommendations recommending denying Plaintiffs' motion to remand.

///

///

1

# I.

# RELEVANT BACKGROUND

Plaintiffs allege they purchased a new 2020 Nissan Altima vehicle from Defendant on December 11, 2020, and received an express warranty in connection with the purchase. (Compl. ¶ 11, ECF No. 4-2.) Plaintiffs allege the vehicle was delivered to them with serious defects and nonconformities to warranty, and it developed other serious defects and nonconformity to warranty, such as electrical, suspension, and engine system defects. (Id. at ¶ 13.) Plaintiffs allege they were required to seek repairs for various vehicle malfunctions, including the vehicle's "infotainment center" turning off while driving, mis-activation of the rear sensors and brakes, battery failure, and a faulty braking system. (See id. at ¶¶ 15–25.) Plaintiffs claim Defendant had prior knowledge of and failed to disclose these defects. (Id. at ¶¶ 38–76.) Plaintiffs assert causes of action under the Song-Beverly Act for (1) breach of express warranty (2) breach of implied warranty, and (3) violations of § 1793.2(b), and one cause of action for (4) "fraud/fraudulent inducement/concealment." (Id. at ¶¶ 84–144.) They seek general, special, actual, incidental, consequential, and punitive damages, civil penalties pursuant to California Civil Code §§ 1793.2(d) and 1794(c) or (e), prejudgment interest, and reasonable attorney's fees and costs. (ECF No. 1-2 at 33 (prayer for relief).)

Plaintiffs initiated this action against Defendant on March 7, 2023, in the Superior Court of California, County of Fresno (ECF No. 1-2 at 3), after personally serving Defendant on March 9, 2023 (ECF No. 4-2 at 38).[1]  Defendant filed an answer to the complaint in state court on April

---

[1] The dates referenced by the Court are those appearing on the face of the exhibits themselves, as Plaintiffs' pleadings and supporting declaration contain multiple different, and seemingly inaccurate dates. For example, in the supporting declaration submitted by Plaintiffs, counsel asserts the proof of service indicates Plaintiffs personally served the summons and complaint on Defendant on March 10, 2023. (Nickfardjam Decl., ECF No. 4-2 at 3.) It does not. In fact, the proof of service of summons indicates the complaint was personally served on March 9, 2023. (Ex, B, ECF No. 4-2 at 38.) Even more confusingly, Plaintiffs' moving papers asserts service was effected on February 10, 2023. (ECF No. 4 at 3.) In another example, Plaintiffs assert Defendant filed its notice of removal on April 13, 2023. (Id. at 3–4.) However, a plain review of the electronic docket indicates the notice of removal was filed on April 12, 2023. (See ECF No. 1.) Plaintiffs' failure to convey the accurate date of service of process in documents signed under penalty of perjury and filed in accordance with the requirements of Federal Rule of Civil Procedure 11 governing representations made to the Court is not well-taken—particularly where Plaintiffs' motion is based solely on the procedural argument that the notice of removal was filed two days too late, thus making such dates extremely important to the Court's analysis—and Plaintiffs are admonished for their haphazard misstatements of fact to the Court. In addition, the Court notes Plaintiffs devote half a page of their brief to describe their meet and confer efforts with defense counsel "pursuant to Local Rule 7-3," a rule which does not exist in the Local Rules for the Eastern

6, 2023. (ECF No. 1-3 at 2–6.)

On April 12, 2023, Defendant removed the action to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 (diversity jurisdiction). (ECF No. 1 at 2.) In removing this action, Defendant asserts its notice of removal was timely pursuant to 28 U.S.C. § 1446(b)(3). (Id. at 3.) Defendant asserts diversity of citizenship exists between the parties because Plaintiffs are citizens of California, and Defendant is a citizen of Delaware and Tennessee. (Id. at 4.) Defendant asserts it is not facially apparent from the complaint that the amount in controversy exceeds $75,000; however, the retail installment sales contract (or purchase contract) shows Plaintiffs agreed to pay $30,419.28 for the subject vehicle (id. at 6), and this combined with civil penalties under the Song-Beverly Act in the amount of twice the actual damages (*i.e.*, $60,838.56), amounts to a sum total of $91,257.84. (Id. at 7–8.) Defendant notes this amount, which is exclusive of any award for incidental damages, consequential damages, or attorney's fees and costs, exceeds the $75,000 amount in controversy threshold, and is unaffected by the alleged mileage offset of $2,568.03. (Id. at 8–9.)

On May 12, 2023, Plaintiffs filed the instant and timely motion for remand. (ECF No. 4.) On May 15, 2023, the district judge referred the matter to this Court for the preparation of findings and recommendations and/or other appropriate action. (ECF No. 5.) Defendant opposed the motion on May 26, 2023 (ECF No. 6); accordingly, pursuant to the Local Rules, any reply brief was due by June 2, 2023. E.D. Cal. L.R. 230(d) (reply brief must be filed within ten days of the filing of the opposition). On June 16, 2023, Plaintiffs filed an untimely reply.[2] (ECF No. 9.) The matter is deemed submitted.

///

---

District of California, but which appears to refer to the local rules for the Central District of California. (See ECF No. 4 at 5.) Without speculating at this time as to what extent Plaintiffs' briefing accurately refers to the instant litigation, as opposed to constituting an irrelevant copy and paste from another case, the Court advises Plaintiffs that their meet and confer argument is not well-taken. Further, counsel is cautioned that, as continued misstatements of fact may impact the Court's ability to properly analyze crucial issues in this litigation and squander its extremely limited resources, the Court may be inclined to consider similar egregious misstatements to run afoul of Rule 11, thus warranting the imposition of sanctions.

[2] Because the reply was untimely, the Court need not consider it in its evaluation of the motion for remand. However, as noted herein, remand is unwarranted regardless.

## II.

## LEGAL STANDARD

### A.     Removal

A defendant may remove a matter to federal court if the district court would have original jurisdiction. See 28 U.S.C. § 1441(a); Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). Federal district courts have original jurisdiction over state law civil actions between citizens of different states in which the amount in controversy exceeds $75,000 exclusive of costs and interests. 28 U.S.C. § 1332(a)(1). A motion to remand is the proper procedure to challenge a removal based on lack of jurisdiction. 28 U.S.C. § 1447.

Ultimately, "[t]he removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." Cal. ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004) (citation omitted); see also Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009) ("The defendant bears the burden of establishing that removal is proper."). Thus, if there is any doubt as to the right of removal, a federal court must reject jurisdiction and remand the case to state court. Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003); see also 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

### B.     Filing Deadlines Under 28 U.S.C. § 1446

In general, the notice of removal of a civil action or proceeding

> shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b)(1). The Ninth Circuit has held this first 30-day filing deadline only applies if the case stated by the initial pleading is removable on its face, that is, removal is apparent on the four corners of the initial pleading.[3] Harris v. Bankers Life & Cas. Co., 425 F.3d 689, 694–95

---

[3]  Various courts' removal/remand jurisprudence has discussed the civil cover sheet within such analyses as to

4

1   (9th Cir. 2005).  Referring to Moore's Federal Practice, the Ninth Circuit elaborates that a case is

2   deemed "not removable" if the initial pleading "does not reveal a ground for removal because the

3   potential grounds are obscured, omitted, or misstated…."  Id. at 696 n.7.  Further, the Ninth

4   Circuit expressly rejected any test for notice that required the defendant to "utilize subjective

5   knowledge" or "to investigate beyond the pleadings" in order to determine whether the action was

6   removable.  Id. at 695, 696 n.7 (citing with approval Lovern v. Gen. Motors Corp., 121 F.3d 160,

7   162 (4th Cir. 1997) (rejecting the defendant's subjective knowledge as a test for notice under §

8   1446(b)(1))).

9       "[I]f the case stated by the initial pleading is not removable," an alternative 30-day filing

10   deadline is triggered.  28 U.S.C. § 1446(b)(3).  Under § 1446(b)(3), notice of removal may be

11   filed within 30 days of receipt of "an amended pleading, motion, order or *other paper* from which

12   it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. §

13   1446(b)(3) (emphasis added).  Further, as relevant here, if the case does not appear removable on

14   the initial pleading because the amount in controversy requirement is not met,

> information relating to the amount in controversy in the record of the State proceeding, or in responses to discovery, shall be treated as an "other paper" under subsection (b)(3).

---

amount in controversy without specifically analyzing the foundational issue of whether the cover sheet is a pleading. To be clear, the civil cover sheet, a form that may be required by local, state or other rule, is generally used administratively by clerks of the courts to categorize a case, but is not an initial pleading within the meaning of the law.  See Carvalho v. Equifax Info. Servs., LLC, 629 F.3d 876, 886 (9th Cir. 2010) ("Assuming without deciding that a civil cover sheet can constitute 'other paper' within the meaning of section 1446(b), we are unpersuaded that this particular cover sheet affirmatively revealed that the aggregate amount in controversy exceeds $5 million."); Morgan v. Comm'r of Soc. Sec., No. 1:12-cv-00470-SMS, 2012 WL 1799195, at *4 (E.D. Cal. May 16, 2012) ("A civil cover sheet is merely an administrative aid to the court clerk, and is not typically considered part of a litigant's pleading papers." (quoting Shaver v. Astrue, 783 F.Supp.2d 1072, 1078 (N.D.Iowa 2011))); see also id. (noting Federal Rule of Civil Procedure 7(a) defines pleadings to include the complaint, but not the civil cover sheet); Mito v. Temple Recycling Ctr. Corp., 187 Cal. App. 4th 276, 280 (2010) ("The Judicial Council added subdivision (c) to former rule 982.2 (subsequently renumbered as 3.220) effective January 2002 to address the very problem that occurred in this case: 'the refusal of some clerks to file an initial pleading because it is not accompanied by a cover sheet or the sheet is somehow defective.' "); Payne v. JP Morgan Chase Bank N.A., No. EDCV15-01-768-AB (PLAx), 2015 WL 12832118, at *1 n.1 (C.D. Cal. Sept. 22, 2015) ("[B]ecause the cover sheet is not a pleading and does not amend or modify a pleading, its contents cannot satisfy the standards governing federal pleadings."); Abukar v. Comm'r of Soc. Sec., No. 07CV1770 BTM (RBB), 2007 WL 2729858, at *1 (S.D. Cal. Sept. 19, 2007) ("The civil cover sheet, … does not form a part of Plaintiff's pleading.").  Therefore, the complaint constitutes an "initial pleading," but not the cover sheet.  While the civil cover sheet may be an "other paper" within the meaning of § 1446(b)(3), Carvalho, 629 F.3d at 886, it is oftentimes not a document which is served with the service of process of the summons and complaint.  Since Plaintiffs have not proffered that such document was served with the original summons and complaint, the Court finds that the document does not constitute an "other paper" under § 1446(b)(3), thus triggering the 30-day notice filing deadline.  Irrespective of this discussion, the Court will still discuss, below, Plaintiffs' argument regarding the civil cover sheet and determination as to "amount in controversy."

28 U.S.C. § 1446(c)(3)(A).[4]  Under such circumstances, removal based on the defendant's proffered amount in controversy will be deemed proper if the district court determines, by a preponderance of the evidence, that the asserted amount in controversy exceeds $75,000, as required under § 1332(a).  28 U.S.C. § 1446(c)(2)(B).

### III.

### DISCUSSION

In seeking remand, Plaintiffs do not challenge Defendant's satisfaction of the removal requirements under 28 U.S.C. § 1332 (diversity of citizenship and amount in controversy). (ECF No. 4 at 3.)  Instead, Plaintiffs argue the removal was procedurally defective because Defendant filed the notice of removal two days late, according to 28 U.S.C. § 1446(b)(1). (ECF No. 4 at 3–4, 6–7.)  Plaintiffs argue Defendant's failure to comply with the filing deadline under the statute, which is strictly construed, necessitates remand. (Id. at 7.)

At the heart of the parties' dispute is the question of whether the amount in controversy was reasonably ascertainable from the face of the pleading; here, the civil complaint.  Plaintiffs' procedural challenge to removal is premised on the contention that Defendant could have plausibly determined the amount in controversy from the face of the pleading; thus, Defendant was required to remove the action within 30 days of service of the complaint (*i.e.*, by April 10, 2023), in compliance with § 1446(b)(1).  In opposition, Defendant argues it could not determine the amount in controversy without reference to "other papers"—here, the purchase contract that Defendant "obtained" on March 21, 2023 (ECF No. 1 at 3); therefore, Defendant argues 28 U.S.C. § 1446(b)(3) controls and the April 12, 2023 notice of removal was timely filed, as their motion was filed within the 30-day period "after receipt."

Thus, the Court will evaluate whether the language of the complaint establishes, by a preponderance of the evidence, that the amount in controversy exceeds $75,000, such that Defendant was required to remove the action pursuant to 28 U.S.C. § 1446(b)(1).

---

[4] In addition, notice of removal may proffer an amount in controversy if the initial pleading does not appear removable because it seeks (i) nonmonetary relief or (ii) a money judgment in which "the State practice either does not permit a demand for a specific sum or [it] permits recovery of damages in excess of the amount demanded." 28 U.S.C. § 1446(c)(2)(A).

**A.     The Amount in Controversy is Not Apparent on the Face of the Complaint**

The amount in controversy is an "estimate of the total amount in dispute." Lewis v. Verizon Commc'ns, Inc., 627 F.3d 395, 400 (9th Cir. 2010).  When, as here, the amount in controversy is premised on a facial challenge to removal, "courts first look to the complaint. Generally, the sum claimed by the plaintiff controls if the claim is apparently made in good faith." Ibarra v. Manheim Inv., Inc., 775 F.3d 1193, 1197 (9th Cir. 2015) (quotation omitted). As previously noted, however, if the initial pleading "does not reveal a ground for removal because the potential grounds are obscured, omitted, or misstated," the case is deemed "not removable." Harris, 425 F.3d at 696 n.7.

Here, Plaintiffs assert claims against Defendant for violations of the Song-Beverly Act and fraud/fraudulent inducement/concealment.  (Compl. ¶¶ 84–144.)  Defendant asserts the amount in controversy is not ascertainable from the four corners of the complaint; therefore, "other documents" were required to support removal.  The Court agrees.

Simply put, the amount in controversy is not ascertainable from the four corners of the initial pleading because no sum amount is expressly claimed.[5]  The Court notes Plaintiffs include the make, model, year, and VIN number of the purchased vehicle—all high-level details of the sales transaction for the subject vehicle—in the complaint.[6]  (See compl. ¶ 11.)  The complaint, however, remains unremovable on the face of the pleadings because Plaintiffs do not allege the actual amount in controversy.  To be sure, one could potentially discover the sales price of the subject vehicle based on these details; however, that is not the legal standard for establishing amount in controversy sufficient to trigger the 30-day filing deadline under § 1446(b).  Rather, as expressly noted by the Ninth Circuit in Harris, the amount in controversy must be affirmatively

---

[5] In addition, the complaint is devoid of any monetary damages amounts.  For example, Plaintiffs indicate they paid for multiple repairs but do not identify any amounts paid.  The prayer seeks general, special, actual, incidental, consequential, and punitive damages, civil penalties pursuant to California Civil Code §§ 1793.2(d) and 1794(c) or (e), prejudgment interest, and reasonable attorney's fees and costs (ECF No. 1-2 at 33), but is likewise devoid of any dollar amount from which the Court can ascertain whether the amount in controversy is met from a review of the complaint.

[6] The Court further notes that the inclusion of such specific information regarding the subject vehicle, exclusive of its actual purchase price, reasonably suggests Plaintiffs were aware of the purchase price of the vehicle at the time they filed the complaint, and chose to omit such information from the complaint.

1  revealed on the face of the complaint, without any need for subjective knowledge or further
2  inquiry on the part of the defendant to ascertain the amount.  Harris, 425 F.3d at 695, 696 n.7.
3  Plaintiffs here chose to give great detail as to make, model, year, and VIN number, and yet
4  excluded the purchase price.  Under a clear reading of Ninth Circuit precedent and cases which
5  have interpreted such precedent in relation to the statute, Plaintiffs' complaint is an indeterminate
6  amount complaint, as it impermissibly requires Defendant to "investigate beyond the pleadings."
7  Thus, regardless of the fact that Plaintiffs' allegations include specific descriptors of the subject
8  vehicle such as make, model, year, and VIN number of the purchased vehicle, the amount in
9  controversy remains unascertainable from the four corners of the initial pleading.[7]

10  Plaintiffs argue the notation on their civil cover page that the amount in controversy
11  "exceeds $25,000" is a sufficient allegation because it indicates Plaintiffs' "actual damages are at
12  a minimum $25,000.00" (ECF No. 4 at 9 n.1; ECF No. 1-2 at 34), and since Plaintiffs are seeking
13  statutory penalties under Cal. Civ. Code §§ 1794(c), (e)(1),[8] it is reasonably apparent from the
14  face of the complaint that § 1332(a)'s amount in controversy requirement is satisfied.  (ECF No. 4
15  at 9–10.)  In short, Plaintiffs assert the face of the complaint supports the plausible allegation that
16  "amount demanded exceeds $25,000" + ($25,000 x 2) = over $75,000.  (See id.)  The Court finds
17  this argument unavailing.  Notably, this Court is unpersuaded that the administrative civil cover
18  sheet constitutes part of the initial pleading for removal purposes under § 1446(b)(1), as discussed
19  in footnote 3, above.  Rather, at most, the civil cover sheet may be considered an "other paper"
20  for purposes of ascertaining the amount in controversy under § 1446(b)(3), as it is "information
21  relating to the amount in controversy in the record of the State proceeding."  28 U.S.C. §

---

[7] In addition, the Court notes Plaintiffs also do not include any amounts for repairs in the complaint, but rather only a general allegation that repairs were necessary.  While a plaintiff is not required to plead such "amounts," such practice runs the very high risk that, by including details such as make, model, year and VIN, but omitting the amount paid for other factors such as repairs, a plaintiff makes the complaint an indeterminate amount complaint which then implicates subsection (b)(3) analysis.  In other words, a defendant must investigate to find such figures.  Merely giving a make, model and year, without a trim level specified, clearly requires an investigation, as many models have various trim levels (XL, Limited, etc.), which in today's car market, can *radically* affect the purchase price of the vehicle.  Even if a trim level is provided, there are various other options that can also significantly increase the purchase price.  Finally, additionally providing the VIN still clearly requires an investigation of the monetary amount, even if such information aids the investigation.

[8] California Civil Code §§ 1794(c), (e)(1) provides that a buyer who establishes a willful violation of the Song-Beverly Act may also recover a civil penalty of up to "two times the amount of actual damages."

1446(c)(3)(A). Furthermore, the civil cover sheet does not indicate the "exceeds $25,000" amount pertains to "actual damages," as Plaintiffs assert; in fact, no specificity regarding types of damages is provided on the cover sheet, and the complaint is devoid of factual allegations to support such an interpretation of the civil cover sheet. Finally, as many other courts have noted, the mere language "exceeds $25,000" is not sufficient to establish the amount in controversy exceeds $75,000, as required under 28 U.S.C. § 1332(a). See, e.g., Sevilla v. Life Care Centers of Am., Inc., No. CV15-5977 PSG (GJSX), 2015 WL 7013112, at *2 (C.D. Cal. Nov. 12, 2015) (remanding action, stating "[t]hat Plaintiff pled damages necessary to establish jurisdiction at the state level is not, however, enough to demonstrate the total amount in controversy exceeds the much higher figure of $75,000."). Accordingly, the assumption Plaintiffs suggest is not reasonably founded on any allegation in the complaint, but appears instead to be "pulled from thin air." Arias, 936 F.3d at 925; Ibarra, 775 F.3d at 1199.

Nor is Plaintiffs' argument supported in law. To the contrary, recent Song-Beverly cases have confirmed that merely alleging that damages exceed $25,000 in the "pleading" is insufficient to establish the amount in controversy exceeds $75,000, thereby satisfying the amount in controversy requirement under § 1332(a) and trigging the § 1446(b)(1) filing deadline. See, e.g., Holdings v. Ford Motor Co., No. 5:21-cv-02172-SVW-SHK, 2022 WL 2235815, at *1–2 (C.D. Cal. Feb. 22, 2022); see also Martinez v. Ford Motor Co., No. 2:23-cv-02788-JLS-AGR, 2023 WL 3775174, at *2 (C.D. Cal. Jun. 2, 2023) (rejecting identical arguments raised by same plaintiffs' attorneys as instant case and denying remand motion); Longoria v. Ford Motor Co., No. 2:22-cv-07560-JLS-PVC, 2022 WL 16961482, at *3 (C.D. Cal. Nov. 16, 2022) (same); Cuevas v. Ford Motor Co., No. CV 22-1520-DMG (MAAx), 2022 WL 1487178, at *3 (C.D. Cal. May 11, 2022) (same).

Indeed, were Defendant to rely solely on the "exceeds $25,000" denotation on the civil cover sheet for removal purposes, it would run the risk of the matter being swiftly remanded on the basis that the assumption as to the amount in controversy is not reasonably supported by any factual basis. See, e.g., Sevilla, 2015 WL 7013112, at *2 ("Were the Court to infer the amount in controversy exceeds $75,000 based solely on Plaintiff's having alleged an amount exceeding

$25,000 [and seeking double damages in civil penalties], this Court would automatically have jurisdiction over all California actions filed in courts of unlimited jurisdiction where diversity is met.") (citing Hernandez v. Vivendi Universal Ent., LLC, No. CV 13-04756 GAF (Ex), 2013 WL 3872088, at *1 (C.D. Cal. Jul. 24, 2013)); see also Harris, 425 at 697 n.9 ("[A rule requiring removal based on an indeterminate initiation pleading] would encourage defendants to remove prematurely cases in which the initial pleading does not affirmatively reveal the amount in controversy in excess of $50,000 so as to be sure they do not accidentally waive their right to have the case tried in federal court….") (quotation omitted).

Plaintiffs also argue Defendant should have been able to provide a reasonable estimate of the vehicle price based on its "sophistication and knowledge of the motor vehicle industry, … [and] rudimentary understanding or ability to ascertain an approximation of the Subject Vehicle's market value"; they argue Defendant could have easily looked up the price point based on the make, model, year, and VIN identified in the complaint. (ECF No. 4 at 9.) This argument is not well-taken and contrary to Circuit law. As the Court previously explained, the Ninth Circuit expressly held in 2005 that the "notice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through [the defendant's] subjective knowledge or a duty to make further inquiry … If no ground for removal is evident in that pleading, the case is 'not removable' at that stage [and] the notice of removal may be filed within thirty days after the defendant receives 'an amended pleading, motion, order or other paper' from which it can be ascertained from the face of the document that removal is proper."[9] See Harris, 425 F.3d at 694–95. Thus, if the pleading does not affirmatively reveal on its face a basis for removal, Defendant's subjective knowledge cannot trigger commencement of the 30-day limitations period under § 1446(b).

---

[9] Indeed, several California district courts—including the Eastern District—have referred Plaintiffs' counsel to the Ninth Circuit's ruling in Harris in similar Song-Beverly cases filed by counsel; thus, it is perplexing to this Court why counsel has asserted the same baseless argument in the instant remand motion. See, e.g., Hayer v. Mercedes-Benz USA, LLC, No. 2:20-CV-01964-MCE-JDP, 2021 WL 809388, at *2–3 (E.D. Cal. Mar. 3, 2021) (noting Harris court observed that "every circuit court to consider the question has rejected the duty to investigate approach" and rejected plaintiffs' argument "the pleading must affirmatively and facially reveal facts necessary for federal court jurisdiction in order to being the thirty-day window."); Martinez, 2023 WL 3775174, at *2–3 (C.D. Cal. Jun. 2, 2023) (rejecting identical arguments raised by same plaintiffs' attorneys as instant case and denying remand motion); Longoria, 2022 WL 16961482, at *2 (same); Cuevas, 2022 WL 1487178, at *2 (same).

Accordingly, Plaintiffs' arguments fail and the Court concludes the amount in controversy requirement under § 1332(a) was not ascertainable from the four corners of the complaint.[10]

### B. Defendant's Notice of Removal Was Timely Filed Pursuant to 28 U.S.C. § 1446(b)(3)

Having determined that the case was "not removable" on the face of the pleadings, the filing deadline under § 1446(b)(1) was not triggered. Instead, the 30-day filing deadline under § 1446(b)(3) was triggered as of March 21, 2023, when Defendant obtained the purchase contract for the subject vehicle, which established the amount in controversy in this matter exceeds $75,000. Importantly, Plaintiffs do not challenge Defendant's proffer that it obtained the purchase contract on March 21, 2023. Accordingly, Defendant's filing deadline under § 1446(b)(3) was April 20, 2023; the April 12, 2023 notice of removal was thus timely filed.

### C. The Substantive Removal Requirements are Satisfied

Finally, the Court notes Defendant has met its burden of establishing removal by a preponderance of the evidence. As noted, the retail price of $30,419.28 for the subject vehicle, plus civil penalties under the Song-Beverly Act in the amount of twice the actual damages (*i.e.*, $60,838.56) amounts to $91,257.84. (See ECF No. 1 at 6–9.) Thus, the amount in controversy as to Plaintiffs' Song-Beverly Act claims, alone, exceeds the threshold $75,000 requirement under § 1332. Plaintiffs do not challenge the authenticity of the sales contract document, nor do they contest Defendant's assertion that the amount in controversy is met based on the purchase price and Defendant's calculations. Furthermore, as noted, Defendant asserts diversity of citizenship exists between the parties because Plaintiffs are citizens of California, and Defendant is a citizen of Delaware and Tennessee. (ECF No. 1 at 4.) Plaintiffs do not challenge the diversity of parties.

On this record, the Court concludes the removal was proper. Accordingly, Plaintiffs' motion to remand should be denied.

///

---

[10] Alternatively, in their untimely reply brief, Plaintiffs assert Defendant includes in its April 6, 2023 answer to the complaint an affirmative defense related to Plaintiffs' purported failure to mitigate damages. (ECF No. 9 at 6.) Plaintiffs appear to argue that, based on this affirmative defense, Defendant had actual knowledge of the amount in controversy because Defendant was "at the least, aware of the amount that Plaintiff[s] alleged as damages in the Complaint." (Id.) The Court again disagrees, for this same reason.

# IV.

## CONCLUSION AND RECOMMENDATION

Based on the foregoing, IT IS HEREBY RECOMMENDED that Plaintiffs' motion to remand (ECF No. 4) be DENIED.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within fourteen (14) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **June 28, 2023**

UNITED STATES MAGISTRATE JUDGE